YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* LEONIDAS WATSON.

RAILROADS. *Crossings. Defective condition. Injury to traveller. Private road.*

    If a railroad company, with knowledge of the use by the public of a road crossing its track, constructs approaches in such a manner as to render them dangerous to travelers using them with due care, it is liable to a person so using them who is injured because of their negligent construction, whether the road be a public or private one.

FROM the chancery court of Yazoo county.

HON. ROBERT POWELL, Judge.

Watson, appellee, was plaintiff, and the railroad company, appellant, was defendant in the court below. From a judgment in plaintiff's favor, defendant appealed to the supreme court. The opinion states the facts.

*Mayes & Harris* and *J. M. Dickinson,* for appellant.

It is well settled that unless the railroad company was under some duty or obligation to the plaintiff in this case, and had violated that duty to him, it would not be liable in this case for the injury which he sustained.

There is no evidence whatever in the case that the road on which plaintiff was injured was a public highway, and the fact that it was a private crossing is made out clearly by the plaintiff's own witnesses. It is true that they testified that other people than the landowner used the crossing, and the road, but that fact would not make it a public highway.

The fact that a road is a private road, a private neighborhood or plantation way, used by those persons who desire to use it, without objection on the part of the landowner, does not make it a highway within the meaning of the statute which requires

railroads to construct bridges, maintaining crossings, etc., at public highways. It does not bring the case within code 1892, § 3555, and it must be brought squarely within that section before the plaintiff in this case would be entitled to recover.

It is true that it is not necessary that the public authorities should have accepted the highway. *Harrison County* v. *Seal,* 66 Miss., 129. "But there must be some manifestation by unequivocal acts of the owner to devote a road on his premises to the use of the public." *Kinnare v. Gregory,* 55 Miss., 612.

Being a private way, the railroad company was under no duty to the plaintiff to maintain the crossing, or to keep it in any sort of condition for his use.

There is no proof in the record that the railroad company was under any obligation to any one in regard to this crossing. There is no proof that the owner of the land had made any objection, and, being a private way over his land, and he was content with the condition it was in, neither the public nor the plaintiff had any right to complain of its condition.

But if we should concede that there was evidence in the case tending to show that this was a public highway—if we concede that it was a public highway—the evidence in the case is overwhelming that the plaintiff's injury was caused by his own rash conduct in attempting to use the driveway as he did. The evidence of all the witnesses is that it was a very dangerous crossing. It was obviously dangerous. There were no hidden defects. The plaintiff himself testified over and over again that it was broad daylight, and he could see everything perfectly distinctly. There was nothing hidden.

*Henry & Barbour,* for appellee.

The statute is plain (code 1892, § 3555) in imposing upon railroads the duty to make proper and easy grades where its road crosses highways, and imposes a penalty of $100 for the failure to do so. Of course, it is well settled that the imposition of the penalty does not exclude the right of recovery of

actual damages for the failure to perform this statutory duty. Aside from the duty imposed by the statute, it is a common law duty.

We take the position, and we are supported by authority, that it was not necessary for the road in question to have been even a public road, but that, if it was used by the people in the neighborhood, and especially, as the record shows, by anybody and everybody who wanted to use it, and the defendant having recognized this right as is evidenced by the unquestionable facts in the record, and having by the construction of the crossing there, with the knowledge which the record shows, that it was being used by travelers, it then became their duty to safely and properly keep the crossing, and if they failed in that, are liable for any damage that resulted therefrom. *Mo. Pac. Co.* v. *Bridges,* 39 Am. & Eng. Ry. Cases; s.c. 74 Texas, 520; *Cross* v. *Lakeshore R. R.,* 69 Mich., 363; *Hanks* v. *Boston Railroad,* 174 Mass., 495; *Kelley* v. *Railroad Co.,* 28 Minn., 98; *Webb* v. *Portland R. R. Co.,* 57 Me., 117; 8 Am. & Eng. Enc. Law (2d ed.), 376.

Argued orally by *J. B. Harris,* for appellant.

CALHOON, J., delivered the opinion of the court.

There was evidence in support of the following facts: There was a road over the line adopted by the defendant below, appellant here, for its track. When rebuilt, it recrossed this road. It determined, for its own convenience, to move the line of its track higher up and on the side of a hill, to establish a better uniform grade, which it wanted. It did so; but, in rebuilding, it fixed the approaches so that on one side was a steep descent with two prongs, one, the left, leading into a plantation, and the other, the right, being a connection between two public roads, and for use by anybody and everybody who wished, as the old road was.

The right prong prepared by the railroad company was not

only quite steep, as the old way, without prongs, was, but quite narrow, and had a sharp turn, and with a precipice on the side of eight feet, making it dangerous, and liable to cause accident to wagons and teams without great care.  Plaintiff, who had never been over the crossing, undertook to make it over the right-hand prong, with a wagon and two mules, between daylight and sunrise, but when he could see everything distinctly. He could have selected the left prong, which was somewhat better, but he took the right, as it led directly to his destination, and, in making the turn on it, his mules, his wagon, and himself turned over the precipice in a tragic heap.  His leg was broken, and continues painful, and will always be crooked.   His companion jumped out and was safe.

Plaintiff suffered much and long, and will suffer his lifetime from the injury, and so, if he was entitled to recover at all, the verdict of the jury was reasonable.  The old way was a steep descent, but was one broad way to and across the track, then in the valley below.

The appellant below had every charge that could be desired to the effect that no recovery could be had if the accident resulted from careless driving or the lack of ordinary prudence. We accept the finding of the jury on this.

On the contention that this was a private plantation road and crossing, and the company, therefore, was under no obligation to maintain it, it is sufficient to say that the question of permanent maintenance is not involved.  It knew the road was used by the public, and, whether technically a public or private road, it undertook to build the approaches to its track, knowing the public use of it, and should not have made them so as to be dangerous for travel by teams and vehicles managed with ordinary care.

We are satisfied to rest on the authorities cited by counsel for appellee.

*Affirmed.*