NEW ORLEANS GREAT NORTHERN RAILROAD COMPANY *v.*
McGOWAN.

[71 South. 317.]

1. RAILROADS. *Duty to erect bridge. Duty to maintain. Statutes.*

Code 1906, section 4053, providing that, where a railroad is con-
structed so as to cross a highway, and it is necessary to raise or
lower the way, the railroad shall make the proper grades and
erect such bridges as may be necessary, does not apply to a
plantation road not a public road and not being a connection
between two public roads.

2. RAILROADS. *Bridges. Duty to maintain. Liability for failure.
Statutes.*

Under Code 1906, section 458, imposing a duty on a railroad to
construct and maintain cattle guards and suitable crossings on
plantation roads, prescribing liability for failure and giving the
right of recovery to any person interested, including a tenant
on the land in the inclosure, a person traveling on such planta-
tion road, not being connected in any way with the plantation
to which the road is appurtenant, but merely traveling as a
member of the general public cannot recover against the rail-
road for injuries to his mule from falling through a defective
bridge in the plantation road over defendant's track.

APPEAL from the circuit court of Hinds county.
HON. W. A. HENRY, Judge.

Suit by Jack McGowan against the New Orleans Great
Northern Railroad Company. From a judgment for
plaintiff, defendant appeals.

The appellee was the owner of the mule upon which
he was riding on a plantation road on the property of
one W. T. McGowan. The bridge was constructed by the
railroad company on the approach of the plantation road
to the railroad track. Appellee was not the owner of the
plantation, nor was he the tenant of the owner, but was the
tenant of one J. H. McGowan, whose property adjoined
that of W. T. McGowan. Suit was filed for the value of
the mule, the declaration alleging that the timbers of the
bridge had, through the negligence of the defendant, be-
come rotten and decayed, so that appellee's mule, step-
ping upon a rotten plank, fell through the bridge, receiv-
ing injuries resulting in its death. There was a jury and
verdict for appellee, and a judgment accordingly, from
which comes this appeal.

The appellant contends that there should have been a
peremptory instruction for the railroad company, as the
road upon which the bridge was constructed was not a
public road, and the appellee was not entitled to recover,
since he was not the owner of the property on which the
plantation road lay, nor was he the tenant of the owner.

Section 4053 of the Code provides that where a railroad
is constructed so as to cross a highway, and it shall be
necessary to raise or lower the highway, the railroad
company shall make the proper grades, keep the cross-
ings in order, and erect such bridges as may be necessary,
and for failure so to do they shall forfeit the sum of one
hundred dollars to the county.

Section 4058 imposes the duty on the railroad of con-
structing and maintaining necessary cattle guards and
suitable crossings on plantation roads, the prescribed
liability in the amount of two hundred and fifty dollars

for failure so to do, and gives the right of recovery to any person interested, including a tenant on land in the inclosure.

*Green & Green,* for appellant.

1. This approach bridge, being on a plantation road and plaintiff not being tenant or cropper within the enclosed land, or owner thereof, there is no liability, either at common law or under section 4058, Code of 1906. Section 4058, Code of 1906, is a statutory liability to be strickly construed, and extends only to occupants of the enclosed land. *Railroad Co.* v. *Jones,* 73 Miss. 397; *Hardy* v. *Railroad Co.,* Id. 719; *Railroad Co.* v. *Sallis,* 89 Miss. 636.

2. The foregoing decisions arose under section 3561, Code of 1892, and after their decision, this section was brought forward and amended by section 4058, Code of 1906, by adding to section 3561, the words: "A person owning or having an interest as cropper or tenant in land in said enclosure shall have a right of action under this section, whether the land of such person is entered or traversed by said track or not; and this section shall apply to all enclosed land, whether said land is or may be situated in a county or district where the stock law is or may be in force or not. But such penalty shall not be cumulative, and only one recovery shall be had for each failure." This amendment extended the right of action to croppers or tenants of "the enclosed land," whether the land so occupied was traversed by the track or not, but it did not extend to the general public, of whom plaintiff was one.

3. *Railroad Co.* v. *Watson,* 82 Miss. 89, was relied on for the ruling by the trial court, but it has no application because: (a) There was a public road which the railroad company changed, and negligently constructed the change. The public was invited by the railroad company to use the changed road, and Watson was injured by the negligent construction of the public road

by this change. (b) No effort was made, either by counsel
or the court in that case, to give application to section
3561, Code of 1892, and none of the cases applicable to
this plantation crossing statute were cited or referred to.

4. It was error to give plaintiff's instruction: "the
court instructs the jury for the plaintiff that if they
believe from the evidence that the bridge in the crossing
which constituted a portion of the slope from the natural
surface of the ground, up to the track of the defendant,
had been permitted by the defendant to become defective
and unsafe for travel, and that the plaintiff used the same
by riding across the bridge on a mule, using reasonable
care and caution in so doing, and that as a result of said
defective condition, the mule's hind legs fell through the
said bridge and he was injured, and died as a result there-
of, then the jury must, under their oaths, find for plaintiff
in such sum not to exceed the sum of one hundred and
ninety nine dollars, as the mule was reasonably worth
as shown by the evidence at the time of the injury."

(a)   It directs recovery by plaintiff, not a tenant on
the enclosed land of the W. T. McGowan plantation, if he
used the bridge. Cases *supra.*

(b)   It directs recovery if "the bridge in the crossing
had been permitted by the defendant to become defective
or was unsafe for travel," and "as a result of said de-
fective condition," the mule was injured. Only negli-
gent failure to repair would impose liability.

(c)   It directs "then the jury must, under their oaths,
find for the plaintiff in such sum not to exceed the sum
of one hundred and ninety dollars as the value of the
mule."

(d)   It omits all mention of the rule as to the duty to
repair, and this is emphasized by the refusal of the de-
fendant's fourth instruction as follows: "If the jury
believe from the evidence that the defendant, or its ser-
vants, had knowledge of the alleged defective construc-
tion of the bridge or had notice of such facts and circum-
stances as were equivalent to notice, before the defendant

could be guilty of negligence in repairing such bridge it must appear that it had reasonable time after such notice to repair and negligently failed to do so," the rule being that "In order to hold the proprietor of a bridge, whether public or private, liable for failure to repair a defect, notice that the bridge is out of repair, should be brought home to him, or the defect must be shown to have existed for such a length of time that by the use of ordinary care he might have discovered the same in time to make the needed repairs." 4. Am. & Eng. Ency. Law (2 Ed.), 944; *Cohea* v. *Coffeeville,* 69, Miss. 561. This is espceially true as the cause of action was "the negligent injury of the mule of Jack McGowan."

5. Upon the evidence the court erred in refusing defendant's instructions, namely: (a) The peremptory instruction. Cases supra, (b) That unless the plaintiff's lands were within the enclosure in which the crossing in controversy was, then they will find for the defendant. (c) That reasonable time, after actual or constructive notice of the defective condition of the bridge must be given the defendant to repair before negligence could be imputed to it.

The giving of plaintiff's instruction and the refusal of defendant's instruction imposed liability under section 4058 to the public for any injury occurring on the plantation road crossing without negligence. The rule of liability announced is irrespective of negligence as evidenced by the giving of plaintiff's instruction and by the refusal of every one of the defendant's instructions asked.

Wherefore the court erred in overruling the motion for a new trial, assigning for error the giving of plaintiff's instruction and the refusal of all of defendant's instructions.

*W. C. Wells,* for appellee.

The plaintiff relied in the lower court for a recovery on the liability of the defendant on three separate and

distinct grounds; first, under the common law and under
section 4054 of the Code of Mississippi of 1906, which is
merely declaratory of the common law; second, upon
section 4058 of the Code of Mississippi of 1906, requiring
the railroad companies to construct and maintain suitable
crossings over track for necessary plantation roads;
third, section 4053 of the Code of Mississippi of 1906,
which requires a railroad, where it is so constructed as to
cross a highway and to make it necessary to raise or low-
er the highway, to be the duty of the railroad company
to make proper and easy grades in the highway, so that
the railroad may be conveniently crossed and to keep such
crossings in good order.

Returning now to the first ground of liability, we say
that the railroad company was liable for the negligence of
its agents, engineers or clerks, in that said agents failed
and neglected to maintain a safe and suitable bridge
across the gully or cut which ran at right angles across
the road leading from the top of the railroad track down
the slope to the right of way of the railroad company on
the level with the surrounding ground.

The defendant was liable not only under sections 4054
of the Code of Mississippi of 1906, which is as follows,
to wit: "4054. (3257) Liability for Negligence, Misman-
agement, etc., Freight-train Passengers.—Every railroad
company shall be liable for all damages which may be
sustained by any person in consequence of the neglect
or mismanagement of any of its agents, engineers, or
clerks, or for the mismanagement of its engines; but for
injury to any passenger upon any freight-train not being
for both passengers and freight, the company shall not
be liable, except for the gross negligence or carelessness
of its servants." But it was liable under the common law,
said section being merely declaratory of the common law.
See *M. & O. Railroad Company* v. *Gray*, 62 Miss. 383.

The railroad company accepted the duty of construc-
ting this crossing and these approaches on this highway.

irrespective of whether it was a private plantation road or a public highway, and, having accepted this responsibility and duty of maintaining this bridge and the approach in question, it could not, after other people using same had relied upon their performing the duty which they acknowledged was upon them, change its position to the hurt of some one who had relied upon their former position and maintain that it was not its duty to maintain said public crossing. The railroad company is estopped to change its position to the hurt of other parties who had relied upon the position of the railroad company assumed by it, that it was its duty to maintain said crossing and bridge in good and proper repair.

We submit, therefore, that the company was liable from the evidence in this case on this ground of liability and none of the assignments of error in brief of appellant are well taken in opposition thereto.

Second, we submit that the requirement of section 4058 of the Code of Mississippi of 1906, imposed liability under the facts in this case. Section 4058 is as follows, to wit: 4058. (3561) Stock, Gaps and Cattle Guards.—It is the duty of every railroad company to construct and maintain all necessary or proper stock-gaps and cattle-guards where its track passes through enclosed land; and to make and maintain convenient and suitable crossings over its track for necessary plantation roads. For any; failure so to do, the railroad company shall be liable to pay two hundred and fifty dollars, to be recovered by the person interested. A person owning or having an interest as cropper or tenant in land in said enclosure shall have a right of action under this section, whether the land of such person is entered or traversed by said track or not; and this section shall apply to all enclosed land, whether said land is or may be situated in a county or district where the stock law is or may be in force or not. But such penalty shall not be culmulative, and only one recovery shall be had for each failure.

But it is said in brief of counsel for appellant that the land of Jack McGowen or the land which he was using, was not enclosed. There is nothing in the evidence to sustain this contention. It is plainly in evidence that the crop of Jack McGowen on the land he rented, was on one side of the railroad, and the pasture in which he kept his cattle was on the other. Exactly what title he had to this land on each side of the track is not shown, but is it unnecessary to show what title he had, as the quality of title is immaterial? The statute does not characterize the title the party complained of must have. See *Railroad* v. *Spencer,* 72 Miss. 491.

But we submit it is utterly immaterial whether the land worked by Jack McGowen was enclosed or unenclosed. To recover for the failure of defendant to make and maintain convenient and suitable crossings over its track for necessary plantation roads, it was immaterial whether same was in enclosed or unenclosed land.

Any suggestion that such was true which might be drawn from the language of Judge Woods in the case of *Kansas City, etc., Railroad* v. *Jones,* 73 Miss. 397, is flatly contradicted by the opinion of Judge Cooper in 73 Miss. 719, in the case of *Hardy* v. *The A. & V. Railway Co.* With Judge Woods on the bench, we quote from the opinion of the court therein, beginning on page 721, as follows to wit:

"The peremptory instruction for the defendant should not have been given. There is no decision or utterance of this court giving countenance to the view that, under the disclosed conditions, the defendant was not under the duty of maintaining the crossing over its roadway."

In *K. C., M. & B. R. Co.* v. *Jones, ante,* 397, we held that the duty of putting up and maintaining stock gaps and cattle guards was imposed only where and when the track passed through the inclosed lands of the adjacent proprietor. This rested upon the words of the statute, which provide that: "It is the duty of every railroad

company to construct and maintain all necessary or prop-
er stock gaps and cattle guards when its track passes
through inclosed lands." Code 1892, sec. 3561. But the
statute says nothing about inclosed lands where it refers
to plantation roads. It merely declares that the railroad
company shall "make and maintain convenient and sui-
table crossings over its track for necessary plantation
roads."

It makes no difference that part of the land of Jack
McGowen which lay east of the railroad was pasture land
in which he had his cattle and where he had been to salt
them at the time of the injury. This is a necessary
plantation road. See *A. & V. Railway Co.* v. *W. J. Ligon,*
74 Miss. 176.

We respectfully submit, therefore that there was no
error committed by the court below in the instructions
given in behalf of plaintiff and refused the defendant be-
cause of the liability imposed by section 4058 above quo-
ted.

Third—In the third place we say that liability was im-
posed on defendant and appellant because of the require-
ments of section 4053 of the Code of Mississippi of 1906,
which is as follows to wit:

"4053. (3555) Highway. Crossings and Bridges.—
where a railroad is constructed so as to cross a highway,
and it be necessary to raise or lower the highway, it shall
be the duty of the railroad company to make proper and
easy grades in the highway, so that the railroad may be
conveniently crossed, and to keep such crossings in good
order; and it shall be the duty of the company to erect
and keep in order all bridges on any highway, at such
points as bridges may be necessary to cross the railroad;
and any company which shall fail to comply with these
provisions shall forfeit the sum of one hundred dollars,
to be recovered by action in the name of the county in
which the crossing or bridge is situated."

The court will recall that this injury to the mule of
plaintiff and appellee was received in a little bridge,

which bridge was across the road, which road was lead-
ing from the summit of the railroad track where it was
raised above the surrounding country down to the flat
part of the land on the right of way and surrounding
country. In other words, the injury occurred on the
grade in the highway constructed by the railroad com-
pany in raising the highway so that the railroad might
be conveniently crossed and under said section it was
the affirmative duty of the defendant railroad company
to keep such crossing in good order.

According to testimony for plaintiff this absolute re-
quirement of the law had not been complied with by the
defendant. And not having been complied with as the
jury held on the disputed issue of fact, the defendant was
liable and no error was committed by the lower court.

The statute draws no distinction between a public
highway and a private or plantation highway and this
court has expressly held that it makes no difference
whether the highway be public or private, that for fail-
ure to comply with said section the company would be
held liable. The specific contention of the Yazoo and
Mississippi Valley Railroad Company through its gen-
eral counsel, Mayes & Harris and J. M. Dickinson, in the
case of *Yazoo & Mississippi Valley Railroad* v. *Watson,*
82 Miss. 89, was to the effect that there was absolutely no
evidence whatever in the case, that the road
on which plaintiff was injured was a public highway,
and the fact that it was a private crossing was made out
clearly by plaintiff's own witnesses. They contend that
the fact that the road was a private road, a pri-
vate neighborhood or plantation way used by
those persons who desired to use it without objection on
the part of the landowner, did not make it a highway
within the meaning of the statute which required rail-
ways to construct bridges, etc. as laid down in section
3555 of the Code of 1892 which is the same as section 4053
of the Code of 1906. They contended further that the
road being a private way, the railroad company was un-

der no duty to the plaintiff to maintain the crossing or to keep it in any sort of condition for his use.

The contention, on the other hand, of Henry & Barbour for Mr. Watson, was that said section covered the private as well as the public roads and cited a large number of authorities to sustain their position; which authorities are found on page 91, and this court, through Mr. Justice Calhoun, held as follows, to wit: "It knew the road was used by the public and whether technically a public or private road it undertook to build the approaches to its track knowing the public use of it and should not have made them so as to be dangerous for travel by teams and vehicles managed with ordinary care. We are satisfied to rest on authorities cited by counsel for appellee." Which counsel for appellee were Henry and Barbour.

The court then, affirmed said case holding the railroad company liable for a defective approach on this road which counsel for appellant asserted was, by all the evidence for plaintiff and defendant, a private way or private road.

None of the contentions of counsel for appellants in their brief upon which they rely for reversal have any merit in them, as we respectfully submit.

Smith, C. J., delivered the opinion of the court.

Since the road here in question is a plantation and not a public road, section 4053, Code Miss. 1906, has no application; and since the evidence does not disclose that appellee was in any way connected with the plantation to which the road was appurtenant, nor that, at the time his mule was injured, he was traveling the road in any capacity other than as a member of the general public, no recovery can be had under section 4058 of the Code.

The case of *Railroad Co.* v. *Watson,* 82 Miss. 89, 33 So. 942, is not here in point, for the reason that the road there involved was "a connection between two public roads . . . for use by anybody and everybody who wished."

*Reversed and remanded.*